

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 24, 1948

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-482

Re: The necessity for
State owned educa-
tional institutions
to make certain pur-
chases through the
Board of Control

Dear Mr. Sheppard:

Your opinion request dated November 20, 1947,
is as follows:

"I have been presented with several ac-
counts for the purchase of lumber, sheet-rock,
glass and etc.

"The purchases were made for the purpose
of making needed repairs at a State owned edu-
cational institution. Such repairs were made
by persons employed by the schools, some re-
ceiving a monthly wage, others so much per
hour or day. These supplies were purchased di-
rect by the schools and not by the State Board
of Control.

"Please advise if I can legally pass for
payment the attached accounts in the form in
which they are presented to me, or should I for-
ward them to the State Board of Control for their
approval.

"It would be greatly appreciated if in an-
swering this request you would draw the line of
demarcation as to the authority of the Board of
Directors of the Schools and the State Board of
Control, in the expenditure of state funds for
building materials and equipment.

"In connection with this request please refer to your Opinion No. O-3768 and Article 634 of the Revised Civil Statutes."

The authority and method of the Board of Control to make purchases for State institutions is set out in Articles 631 to 664, V.C.S.  Particularly pertinent to your inquiry are Articles 634, 634a and 660, which respectively provide:

"Art. 634:  The Board of Control shall purchase all the supplies used by each Department of the State Government, including the State Prison System, and each eleemosynary institution, Normal school, Agricultural and Mechanical College, University of Texas, and each and all other State Schools or Departments of the State Government heretofore or hereafter created.  Such supplies to include furniture and fixtures, technical instruments and books, and all other things required by the different departments or institutions, except strictly perishable goods." (Emphasis added)

"The Board of Control shall in all public contracts to be let or awarded by it invite bids and furnish proposals to those desirous of bidding on such forms as it may deem proper.  Said Board may place any person, firm or corporation so desiring on a State mailing list which said list shall entitle said holder to a copy of the proposal on any contract that is to be let. . . ."

"Art. 660.  In case of emergency, and where articles are necessary and needed by any institution, and it is impracticable to include them in the annual contract, the superintendent shall make a requisition for same to the Board of Control; and the Board may forthwith purchase such article in the open market."

One of the accounts which accompanied your request was submitted by the University of Texas and covered the installation of a plate glass top for the serving counter in their cafeteria.  Undoubtedly, this item should have been purchased through the Board of Control in accordance with the provisions of the above quoted statutes.

However, since the supplies "were purchased direct by the schools and not by the State Board of Control," the question is whether they may now be approved and paid. In this connection we wish to call your attention to Attorney General's Opinion No. O-2612. The question raised was whether the Board of Control could ratify a contract for the purchase of supplies made by the State Board of Vocational Education. The conclusion, as expressed in a quotation from the opinion was:

"If the items of purchase in the present case were such as that the purchase should have been made upon competitive bids, then the Board of Control would have no authority to approve the audit for payment. If, on the other hand, the items were of such nature as that the Board could have purchased them without competitive bids, then the Board in its discretion would have the authority to approve the claim the effect of which approval would in our opinion be a substantial compliance with the statutes of purchase and would entitle the claim to be passed for a warrant of payment."

Following the principles expressed in that opinion, we hold that if the purchase made by the University was such as should have been submitted to the Board of Control for competitive bids, then the contract made for the glass was unauthorized and cannot be approved. But if the facts were such that the purchase might have been considered an "emergency" purchase under Article 660, then no competitive bids were required; and the Board of Control may now adopt the University's contract as its own.

As to how this particular purchase should be classified we express no opinion since that depends upon the actual facts surrounding the transaction, to be determined by the Board of Control. It might be entirely possible to consider a repair to a serving counter, which is needed every day, as an "emergency" purchase.

Turning now to the accounts submitted by Sam Houston State Teachers College, we wish to call your attention to Article 2647, Section 1, which reads in part:

"1. The Board of Regents of the State Teachers' College is charged with the responsibility of the general control and management of all State Teachers' Colleges for

white persons and may erect, equip and repair buildings; . . ."

In former Attorney General's Opinion No. 0-3768, to which you refer, this Department held that the State Board of Control was not required to approve the plans and designs or let contracts for the construction of the buildings or other major improvements at the State's higher educational institutions. We adhere to that holding.

Since the purchases at Sam Houston State Teachers College were for the purpose of constructing additional classroom space, we believe that they fall within the category of a "major permanent improvement" and as such need not be approved by the Board of Control.

## SUMMARY

1. Purchases of supplies, furniture, and fixtures for the University of Texas should be made through the Board of Control. However, the Board may ratify a contract made by the University for the purchase of glass, if the Board finds that it was an emergency purchase. Art. 634, 634a and 660, V.C.S. Opinion 0-2612.

2. The Board of Control need not approve the purchase of building materials used for a major permanent improvement at Sam Houston State Teachers College. Art. 2647 V.C.S., Opinion No. 0-2647.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Martin Harris
            Assistant

MH/lh

APPROVED:

EXECUTIVE ASSISTANT